UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORRI STREET, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FOOTPRINT ACQUISITION, LLC,<br><br>Defendant. | No. 21 C 2975<br><br>Judge Thomas M. Durkin |

MEMORANDUM OPINION AND ORDER

Lorri Street alleges that her former employer, Footprint Acquisition, LLC, failed to pay her proper wages in violation of the Fair Labor Standards Act and the Arkansas Minimum Wage Law. Footprint has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 23. That motion is granted.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

Street's job involved traveling to retail stores and attaching security tags to certain items. She claims that Footprint tracked its employees' time with an online computer application that could be inaccurate if an employee was working in a rural area with bad cellular service. She also alleges that Footprint did not fully compensate its employees for time spent driving to stores.

Street alleges she was paid $9.25/hour for driving time and $11/hour for work time. Both rates are higher than the federal minimum wage of $7.25. In her complaint, Street alleges two examples of "pay periods" for which she was not fully compensated due to uncompensated time or mileage that wasn't reimbursed. Nevertheless, Street concedes that she was paid more than the federal minimum wage for both pay periods.

Analysis

I.  **Federal Claims**

Street alleges that Footprint paid her more than the federal minimum wage, so her FLSA claims must be dismissed. Street argues, however, that her allegations can be used to demonstrate a "plausible inference" that her effective wage was less than the minimum wage for at least one pay period. The argument is based on a hypothetical example. Putting aside that this example is not included in the complaint, the scenario is not plausible in comparison to the other allegations in Street's complaint.

Street's hypothetical example goes like this:

> Assuming that in a single workweek Plaintiff worked 10 recorded hours over two days, with 2 hours of that time as drive time between stores, then Plaintiff earned $88.00 in regular hours and $18.50 in drive time for a total of $106.50 for that workweek. . . . [I]t can be assumed that Plaintiff did not receive a mileage reimbursement for that workweek. However, Plaintiff may have driven up to 10 miles that day, incurring $5.80 in vehicle expenses. Likewise, Plaintiff alleged she worked up to four hours per week off-the-clock.

R. 25 at 5. The first problem with this example is that it includes only eight hours of regular work when Street alleges that she "generally worked between 10 and 20 hours per week." R. 22 ¶ 27. Next, the example includes two hours of drive time, whereas the examples alleged in the complaint included 1.01 hours of drive time for ten hours of regular work, and 1.31 hours of drive time for 16 hours of regular work. *Id.* ¶¶ 42, 48. It is not plausible that Street drove for two hours to complete eight hours of work, when in her complaint she alleges, she drove much less to complete

3

more work. This reasoning also requires a decrease the corresponding mileage reimbursement.

Further, the example includes four hours of uncompensated work. But that is the same amount of uncompensated work Street alleges she did to finish ten hours of regular work in one period and 16 hours of regular work in another. *Id.* ¶¶ 43, 49. Street alleges that the uncompensated work includes both driving and uploading of reports. The time spent on these kinds of tasks should increase or decrease with the amount of time Street spends on regular work at the stores she visits. Without further explanation as to why the amount of uncompensated work should remain constant regardless of the amount of regular work, that is not a plausible inference.

Assuming Street worked eight hours in a time period (even though she alleges she usually worked at least ten), the hypothetical times for driving and uncompensated work should be adjusted according to the ratios alleged in the complaint. Street alleges "drive time" to "regular time" ratios of 1.01/10 and 1.31/16, which is between eight and ten percent. Ten percent of eight hours is 0.8, rounded up to 1. Street alleges "uncompensated time" to "regular time" ratios of 4/10 and 4/16, or from 40 to 25 percent. Forty percent of eight regular hours is 3.2 uncompensated hours. The uncompensated mileage should also be reduced accordingly. But even keeping it at $5.80, Street still earned more than the federal minimum wage under this adjusted example: $88 for regular work + $9.25 for drive time − $5.80 for uncompensated mileage; divided by 8 hours of regular work + 1

4

hour of drive time + 3.2 hours of uncompensated work; results in $91.45/12.2 hours = $7.49 per hour.

Assuming Street worked ten hours, like she alleges in her complaint, and keeping the rest of the numbers as they are in the example in Street's brief also results in an hourly rate greater than the minimum wage: $110 for regular work + $18.50 for drive time – $5.80 for uncompensated mileage; divided by 10 hours of regular work + 2 hours of drive time + 4 hours of uncompensated work; results in $123.50/16 hours = $7.71 per hour.

This is unsurprising because Street's hourly compensation of between $9.25 and $11 per hour (indeed, sometimes increasing to as much as $16 per hour at certain stores, *see* R. 22 ¶ 40), is well above the $7.25 federal minimum wage. Certainly, uncompensated work and mileage decreases Street's effective compensation. And it is of course possible to pick numbers that result in an effective compensation below the federal wage, as she did in her brief. But the allegations in Street's complaint do not plausibly permit such an inference. So her FLSA claim must be dismissed.

## II. State Law Claims

"Generally, when a court resolves all federal claims before trial, it should dismiss supplemental claims without prejudice." *Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 772 (7th Cir. 2008). District courts generally decline to exercise jurisdiction over state wage law claims if the federal claims are dismissed. *See, e.g., Kim v. Ctr. for Seniors*, No. 18 C 7660, 2019 WL 5183848, at *5 (N.D. Ill. Oct. 15,

2019); *Bland v. Edward D. Jones & Co., L.P.*, 375 F. Supp. 3d 962, 986 (N.D. Ill. 2019). Thus, the Court declines to exercise supplemental jurisdiction over Street's state law claims.

### III. Sanctions

Footprint also filed a motion for sanctions arguing: "(1) the pleadings . . . assert frivolous claims that Street and her counsel know fail to meet the requisite pleading standard; (2) the claims were brought without Street and her counsel making a reasonable investigation; and (3) the case is being prosecuted for an improper purpose." R. 27 at 1. As discussed, Street's federal claims are meritless. The Court has not analyzed Street's state law claims and cannot say what merit they have. This case is not so different from most wage cases filed before the Court, so the Court cannot say the pleadings are frivolous or that the case is brought for an improper purpose. Thus, sanctions are not warranted here.

### Conclusion

Therefore, Footprint's motion to dismiss [23] is granted. Street's federal claims are dismissed with prejudice and her state law claims are dismissed without prejudice. Footprint's motions for sanctions [26] is denied.

Street also asked for leave to amend her complaint. She has already amended her complaint twice, and both amendments were filed in response to briefs Footprint filed in opposition. Street has had sufficient opportunity to state and amend her claims, and she may still continue to pursue her state law claims in state court. The Court's denies Street leave to amend a third time.

6

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: October 29, 2021